UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK ZALEWSKI,**<br><br>Plaintiff,<br><br>vs.<br><br>**SCOVIL HANNA CORPORATION,** d.b.a. **ARROWHEAD INDUSTRIES CORP.,**<br><br>Defendant. | 2:21-CV-12834- TGB<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF OHIO** |

This is a civil rights case. Before the Court is Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a), filed on February 8, 2022. ECF No. 6. Plaintiff responded in opposition on February 22, 2022. ECF No. 8. For the following reasons, Defendant's motion to transfer venue is **DENIED.**

## I.   INTRODUCTION

On December 3, 2021, Plaintiff Mark Zalewski filed the instant action against Defendant Arrowhead, alleging counts of age discrimination in violation of the Age Discrimination and Employment Act, 29 U.S.C.A. § 621 *et seq.* ("ADEA"), the Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* ("ELCRA"), and retaliation in violation of ADEA, 29 U.S.C.A. § 623(d) and MCL 37.2701(a) respectively.

ECF No. 1. Plaintiff resides in Wayne County, Michigan. In September of 2016, Plaintiff joined Arrowhead as Vice President of Sales and Marketing. *Id.* at PageID.3. Arrowhead is metal supplier, serving clients both nationwide and internationally. Its principal place of business is Cleveland, Ohio. On April 30, 2021, Defendant terminated Plaintiff. *Id.* at 9. Plaintiff then filed a complaint with the Equal Employment Opportunity Commission and filed this suit.

## II.  LEGAL STANDARD

Defendant moves to transfer this action to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion" in determining whether to transfer a case pursuant to § 1404(a). *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (stating that the "discretion to be exercised [by courts] is broader" under § 1404(a) than under the doctrine of forum non conveniens). Analysis under § 1404(a) is intended to be flexible and individualized. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–30 (1988).

In determining whether to transfer a case under § 1404(a), a court must first find that the civil action could have been brought in the

requested transferee district. See 28 U.S.C. § 1404(a); *Reese*, 574 F.3d at 320. Plaintiff concedes that this action could have been brought in Ohio.

Once the court has determined that the case could have been brought in the requested transferee district, the court then determines whether party and witness "convenience" and "the interest of justice" favor transfer to that district. *See Reese*, 574 F.3d at 320; *Esperson v. Trugreen Ltd.*, 10–02130, 2010 WL 4362794 *5 (W.D. Tenn. Oct.5, 2010) report and recommendation adopted in 2010 WL 4337823 (W.D. Tenn. Oct.27, 2010)).

While there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a) a plaintiff's choice of forum may be considered but is entitled to less deference. *See Norwood*, 349 U.S. at 32; *Lemon v. Druffel*, 253 F.2d 680, 685 (6th Cir.1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in *Norwood v. Kirkpatrick* ); *Esperson*, 2010 WL 4362794 *5–6. As a result, Defendant's burden is to demonstrate, by a preponderance of the evidence, that a change of venue to the transferee district is warranted under § 1404(a). *See Eaton v. Meathe*, 11–178, 2011 WL 1898238 *2 (W.D. Mich. May 18, 2011); *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003); *Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc.,* 138 F.R.D. 89, 93 (N.D. Ohio 1991), *aff'd per curiam*, 22 F.3d 1104 (6th Cir. 1994). "Merely shifting the inconvenience from one party to another does

3

not meet [the][d]efendant's burden." *McFadgon v. Fresh Mkt., Inc.*, 05–2151, 2005 WL 3879037 *2 (W.D. Tenn. Oct. 21, 2005). If the court determines that the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice . . . should prevail." *Stewart v. Am. Eagle Airlines, Inc.,* 10–00494, 2010 WL 4537039 *2 (M.D. Tenn. Nov. 3, 2010).

### III. DISCUSSION

**1. Statutory Factors Under § 1404(a)**

*a. Convenience of Parties and Witnesses and Access to Proofs*

Federal courts have considered convenience of the witnesses to be "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3851 (2d ed.1986). Defendant claims that "all employees aside from Plaintiff are located in Northeast Ohio" and it is "unaware of any witness who would be located outside of Northeast Ohio other than Plaintiff." ECF No. 6, PageID.32. Defendant names 10 key witnesses, all of which it alleges reside in the Northeast Ohio area. *Id.* at PageID.35.

Although Defendant has not raised any issues regarding the convenience of potential non-party witnesses, Plaintiff "challenges Defendant's characterization of the location of 'most' witnesses." ECF No. 8, PageID.62. In addition to Plaintiff who resides in Michigan, Plaintiff names at least 5 non-party witnesses who reside in Michigan and

4

anticipates calling "numerous contacts" that reside outside of Ohio. *Id.* at PageID.59; PageID.62.  The Court finds that this factor does not weigh heavily in favor of either party. If this case is transferred to Ohio, then the litigation would be more convenient for Defendant and their witnesses. However, a transfer to Ohio would create inconveniences to Plaintiff and its witnesses.

This case does not present a situation where both parties are litigating away from their home-base, and the Court is called on to decide who is more inconvenienced. In this case, a party from Michigan has brought suit in the Eastern District of Michigan against a party from Ohio. Weighing the relative inconveniences that each side will experience in either forum, the Court finds that Defendant has not shown, by a preponderance of the evidence, that it would be more convenient for all the witnesses (both Plaintiff's and Defendant's) to litigate this action in Ohio, as opposed to in Michigan. It is more accurate to say that party witnesses from both sides would experience roughly equal inconvenience from litigating in the other party's chosen forum. If the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice . . . should prevail." *Stewart v. Am. Eagle Airlines, Inc.*, No. 10–00494, 2010 WL 4537039 *2 (M.D. Tenn. Nov. 3, 2010).

The Court must also consider "the availability of process to compel attendance of unwilling witnesses, the cost of obtaining willing witnesses, and the practical problems associated with trying the case

5

most expeditiously and inexpensively." *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 740 (E.D. Mich. 1998). Plaintiff contends that nonparty witnesses who reside in Michigan cannot be compelled to attend a trial held in Ohio. *See* Fed. R. Civ. Proc. 45(c)(3); *Wilson v. Mammoth Video, Inc.*, No. 07-13394, 2008 WL 5263820, at *1 (E.D. Mich. Dec. 18, 2008). Process issued out of Detroit would be valid for the entire Eastern District of Michigan, which would encompass almost all of the potential non-party witnesses. Those same witnesses, who are not parties, cannot be compelled to attend a trial held in Ohio. *See* Fed. R. Civ. Proc. 45(c)(3). Consequently, trial in Ohio would work a substantial hardship to Plaintiff because there would be an unavailability of process to compel attendance of unwilling witnesses.

On the other hand, Defendant argues that because the majority of key witnesses live in Northeast Ohio, Defendant would "incur a significant burden by requiring its employees to be away from the business to travel to Michigan." ECF No. 6, PageID.39. While it may be a financial burden to Defendant, Defendant is in a much better position to bear the financial cost of its employees than plaintiff, who at the time of this Complaint, was unemployed.

This Court must also weigh in the balance the relative ease of access to sources of proof in the transferee district. *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 739–40 (E.D. Mich. 1998). Defendants contend that all known evidence and operative facts about

Plaintiff's employment is located in Cleveland, Ohio. This includes "all documents related to Plaintiff's employment, performance, discharge, alleged complaints of alleged age discrimination and [related] investigations." ECF No. 6, PageID.40. While "the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the balancing analysis under § 1404(a)," "the location of documentary evidence is a minor consideration." *Choon's Design, LLC v. Larose Indus., LLC*, 2013 WL 5913691 (E.D. Mich. Nov. 1, 2013) (quoting *U.S. v. Cinemark*, 66 F.Supp.2d 881, 890 (S.D. Ohio 1999) (internal quotations and citations omitted)). As a result, the Court finds that Defendants have not shown that the presence of some vital evidence in Ohio compels the transfer of this action.

### 2. Interests of Justice

Finally, Defendant fails to present a prevailing argument that supports finding the interests of justice favor a transfer to Ohio. Although Defendant argues that Plaintiff's age discrimination claims will be analyzed consistent with federal law, and thus do not present familiarity issues for the Northern District of Ohio, this is not reason enough to find transfer favorable. Additionally, the fact that the Eastern District of Michigan and the Northern District of Ohio resolve cases essentially within the same time frame of 10 months, does not weigh in favor of changing the forum. Moreover, as Plaintiff points out, while it is common for Michigan state courts to apply federal precedent to analogous ELCRA

issues, this Court does not have to apply federal law where there are statutory differences in the law. *White v. Dep't of Transportation*, 334 Mich. App. 98, 121, 964 N.W.2d 88, 99 (2020). And here there are slight statutory differences between the ELCRA and the ADEA. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 818 (6th Cir. 2011) (citing *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 469 Mich. 124, 131 (2003) ("In contrast to the ADEA's 'but-for' causation burden, under the ELCRA a plaintiff must ultimately prove that the defendant's discriminatory animus was a 'substantial' or 'motivating' factor in the decision."). Lastly, it is in the interest of justice to ensure Plaintiff has the ability to compel nonparty witnesses to testify at trial. Accordingly, Plaintiff argues, and this Court agrees, that Defendant is unable to meet its burden to demonstrate "fairness and practicality strongly favor the forum to which the transfer is sought." *Allen*, 2007 WL 2406921, at *2 (E.D. Mich. Aug. 20, 2007) (internal quotations omitted) (citing *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)).

### 3. Balance of the Statutory Factors

While the Court recognizes that it is more convenient for Defendant to litigate this action in Ohio, balancing all the statutory factors in this case, the Court finds that Defendant has failed to demonstrate, by a preponderance of the evidence, that the factors weigh in favor of transfer to Ohio. Transferring this case to Ohio would simply result in the shifting of inconvenience from Defendant to Plaintiff. "Merely shifting the

inconvenience from one party to another does not meet [the][d]efendant's burden." *McFadgon v. Fresh Mkt., Inc.,* 05–2151, 2005 WL 3879037 *2 (W.D. Tenn. Oct. 21, 2005). In this case, the Court finds that, because Plaintiff chose a forum where it is strongly connected, and the convenience analysis does not tip heavily in favor of either party, granting a transfer of venue would merely "shift the inconvenience from one party to another."

Additionally, Plaintiff's choice of forum is entitled to some deference. *See Audi AG & Volkswagon of Am., Inc. v. D'Amato,* 341 F.Supp.2d 734, 750 (E.D. Mich. 2004). Here, Plaintiff has made a rational choice to bring this action in this District and Defendant has not proven that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot, U.S.A., Inc.,* 131 F.Supp.2d 934, 936 (E.D. Mich. 2001). Accordingly, transfer pursuant to 28 U.S.C. § 1404(a) is not warranted in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 17, 2022     s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE